857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NURSING HOME GROUP, LTD., Plaintiff-Appellant,
v.
BLUE CROSS AND BLUE SHIELD OF MICHIGAN, A Non-Profit
Corporation; Vicki A. Choate, Coordinator, Medicare
Administrator Government Programs; Otis R. Bowen, Secretary
of the Department of Health & Human Services, Defendants- Appellees.
 No. 87-1739.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1988.
 
 Before ENGEL, Chief Judge, MILBURN, Circuit Judge, and DAVID D. DOWD,* District Judge.
 PER CURIAM.
 
 
 1
 Nursing Home Group, Ltd. (NHG), appeals from a judgment of the United States District Court for the Eastern District of Michigan dismissing its complaint.
 
 
 2
 Appellant is a supplier of portable X-ray and electrocardiogram (EKG) services to nursing home and home-bound patients. This dispute is over Medicare reimbursements for transportation costs related to giving EKG's. Appellee Blue Cross and Blue Shield of Michigan (Blue Cross or carrier) is the Medicare Part B carrier in Michigan. In the fall of 1983, Blue Cross determined that the transportation expenses connected with the provision of EKG services were not reimbursable. Prior to that time NHG billed and received payment incurred in the transportation of portable EKG machines but had billed for the charges under the same service code used for transportation of larger, more bulky x-ray machines. In 1984 Blue Cross demanded repayment of funds paid to the appellant for transportation charges for which appellant had been erroneously reimbursed. NHG demanded a hearing before a hearing officer chosen by the carrier in accordance with 42 U.S.C. Sec. 1395u(b)(3). The hearing officer issued a written opinion on November 21, 1985.
 
 
 3
 The hearing officer's opinion directed the carrier to forward the file to the Chicago Regional Office for consideration of whether NHG had been without fault and requested that the carrier "revisit" its policy regarding transportation charges for EKG's.
 
 
 4
 Upon reconsideration, the carrier again held that EKG transportation charges were not reimbursable in the locality.[1] The carrier also reviewed and upheld its conclusion that NHG had not been without fault in having been erroneously reimbursed for EKG transportation charges, and was therefore required to repay the overpayments.[2]
 
 
 5
 On September 24, 1986, NHG filed a three-count complaint against the Secretary of Health and Human Services, Otis R. Bowen; the carrier, Blue Cross; and the Coordinator, Medicare Administrator Government Programs, Vicki A. Choate. Count I sought a writ of mandamous compelling the defendants to comply with the hearing officer's decision. Count II alleged that NHG would be deprived of due process if the hearing officer's decision was not enforced. Count III alleged that Blue Cross violated Medicare law and regulations in determining that EKG transportation charges were not reimbursable.
 
 
 6
 The district court dismissed the complaint on two grounds; (1) that the complaint was really an attempt to obtain judicial review of an administrative determination of the amount of Part B Medicare benefits, over which the federal courts do not have jurisdiction; and (2) that everything the hearing officer ordered had been done and that there was nothing left in the hearing officer's decision for the district court to order implemented.
 
 
 7
 On appeal NHG first argues that the complaint was not an attempt to obtain review of the amount reimbursed under Part B, but was an attempt to assert appellant's procedural rights. Second, appellant argues that under the precedent of Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667 (1986), the district court had general federal question jurisdiction.
 
 
 8
 Upon careful review of the complaint in this case, we agree with the district court's conclusion that the complaint was really an attempt to obtain judicial review of a Part B amount determination over which we do not have jurisdiction. United States v. Erika, Inc., 456 U.S. 201 (1982).[3]
 
 
 9
 Although Count II of the plaintiff's complaint did claim a violation of due process, the foundation for the claim was that the plaintiff would be deprived of due process if the hearing officer's decision was not enforced. Plaintiff's claim is not a challenge to the validity of one of the Secretary's regulations. It is not a challenge to the specific method by which such awards are calculated. Therefore, we do not have jurisdiction under the Supreme Court precedent of Bowen v. Michigan Academy of Family Physicians, supra.
 
 
 10
 The plaintiff in this case was not foreclosed from bringing a procedural due process challenge to the method by which such awards are determined. The district court specifically stated that it would entertain a new suit making a constitutional challenge to the Medicare Part B regulation if the plaintiff could do so consistent with Erika, supra, and Michigan Academy of Family Physicians, supra. The district court emphasized that plaintiff's complaint as stated must be dismissed. It was only in supplemental briefings on the motion to dismiss that NHG raised an entirely new issue challenging the method of calculation. This was not raised by the complaint or by the previous pleadings in the case. The court correctly held that it could not reach the merits of such a due process claim, the claim not having been alleged in the complaint but only suggested in later briefing.
 
 
 11
 We also agree with the district court's second reason for dismissing appellant's complaint. Everything ordered by the hearing officer had been done. Blue Cross had revisited its policy and determined that EKG transportation expenses were not reimbursable. Blue Cross also reconsidered and reaffirmed its decision that NHG had not been without fault. As Judge Gilmore observed, "The carrier's decisions were reviewed and reaffirmed. The court could not grant Nursing Home Group's prayer for relief since there is nothing in the hearing officer's decision left for the court to order implemented."
 
 
 12
 Accordingly, for the reasons previously stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 An April 8, 1986 letter from Blue Cross to NHG set forth the carrier's reasoning
 "Charges for transportation of portable EKG equipment are not reimbursable in Michigan and never have been. The determination that this service is not covered is based on the carrier's decision that charging for transportation of portable EKG equipment is not an accepted medical practice in Michigan. The fact that other carriers allow transportation charges for EKG equipment is not relevant to our policy since the decision is left to the discretion of each carrier based on local charging practices.
 It is a opinion of our medical consultants also that reimbursement for transportation of portable EKG equipment is not appropriate in light of the charging practices in Michigan, and because the equipment required to take the EKG is easily carried not bulky or heavy in size, nor is a special vehicle with which to transport equipment required. Moreover, the carrier does not pay additional or separate fees for mileage to physicians making house calls nor does it pay the travel expenses of a technician for drawing or collecting specimens."
 
 
 [2]
 The same April 8 letter discussed the carrier's determination with regard to NHG's fault
 "Pursuant to the issue of transportation charges for portable EKG equipment, the carrier (Blue Cross and Blue Shield of Michigan) has determined that the supplier, The Nursing Home Group formerly known as Midwest Mobile X-ray, is liable for the overpayment requested for transportation charges reimbursed for portable EKG's.
 Based upon a review of the facts, the carrier was unable to find the supplier without fault. Consequently, the supplier will have to repay the amount of the overpayment.
 It is the opinion of the carrier that the supplier failed to disclose facts that he knew or should have known were material to the payment of the service. Specifically, in the absence of a code for transportation of portable EKG equipment the supplier billed the transportation charges using procedure codes 7576 and 7577 even though the nomenclature for both codes specifies "transportation of portable x-ray equipment (emphasis added). By billing transportation of portable EKG equipment using procedure codes 7576 and 7577, the supplier was in fact misrepresenting to the carrier the services rendered.
 Any time a service is not identifiable in the coding structure of the carrier the physician or supplier should bill the service by description in order for the carrier to make a correct payment determination. Had the service been billed using a description, the claim would have been subject to a manual review and the service would have been denied as not a benefit. It is unfortunate that incorrect information with respect to billing instructions was provided by personnel of the carrier, however, the carrier cannot be held liable for erroneous information being given out."
 Id.
 
 
 [3]
 Because appellant's claim relates solely to services rendered prior to 1986, subsequent amendments to the appeals procedure for Part B claims effective upon 'items and services furnished on or after January 1, 1987,' do not apply. See Omnibus Budget Reconciliation Act of 1986, Pub.L.No. 99-509, S 9341(b), 100 Stat. 2038 (1986). The new amendments enlarge the scope of judicial review of Part B claims, in part, out of recognition that the congressional assumption that Part B claims would be substantially smaller than Part A claims had not proven to be correct. H.Rep.No. 727, 99th Cong.2d Sess. 95. reprined in 1986 U.S. Code Cong. & Admin. News 3685-86